CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 20 2006

JOHN F. CORCORAN, CLERK
BY: S. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL ALLAN WEBB, #309675, ) | |
| Plaintiffs, ) | Civil Action No. 7:06CV00734 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| D. MCKNIGHT, et al., ) | By: Hon. Glen E. Conrad |
| Defendants. ) | United States District Judge |

Michael Allan Webb, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed the complaint, the court concludes that Webb has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).*

## Background

Webb is presently incarcerated at Red Onion State Prison. He alleges that he has found "mill worms" in his oatmeal on nine occasions since August of 2006. Webb found the first worm on August 29, 2006. Approximately one month later, on September 30, 2006, Webb found the remains of numerous worms in his oatmeal. The problem occurred again on October 19, 2006 and October 22, 2006. On each occasion, Webb was advised to request a new tray from a correctional officer.

Webb alleges that the prison stopped serving oatmeal from October 22, 2006 to November 21, 2006, in response to his complaints about the worms. However, when Webb received his breakfast tray on November 22, 2006, he again found worms in his oatmeal. He also found worms in his oatmeal on November 20, 2006, December 3, 2006, and December 8, 2006.

---

*Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails state a claim upon which relief may be granted.

Webb emphasizes in his complaint that he did not eat any of the "tainted" food. However, Webb alleges that he has suffered from indigestion, constipation, headaches, occasional vomiting, and emotional distress as a result of being exposed to the worms. Webb further alleges that he has chosen to stop eating oatmeal, cream of wheat, and grits altogether, which has caused him to lose ten pounds.

## Discussion

The Eighth Amendment to the United States Constitution protects inmates from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). However, inmates are not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, a prisoner must satisfy both an objective and subjective component. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). To satisfy the objective component, a prisoner is required to demonstrate an "extreme" deprivation. Id. Specifically, "the prisoner 'must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such harm resulting from the prisoner's unwilling exposure to the challenged conditions." Id. (quoting Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993)). Additionally, to satisfy the subjective component, the prisoner must allege facts which show that prison officials acted with "deliberate indifference." Strickland, 989 F.2d at 1379. Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." De'lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Applying these principles to Webb's allegations, the court concludes that he has failed to

2

state a claim under the Eighth Amendment. First, the injuries of which Webb complains -- indigestion, constipation, headaches, occasional vomiting, and emotional distress -- are not sufficiently serious to rise to the level of an Eighth Amendment violation. See Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (holding that an inmate failed to state a claim under the Eighth Amendment, since his complaints of breathing problems, chest pain, dizziness, sinus problems, headaches, and fatigue were "objectively speaking, relatively minor"); Oliver v. Deen, 77 F.3d 156, 158-159 (7th Cir. 1996) (holding that an inmate failed to demonstrate a serious medical need for purposes of the Eighth Amendment, where the inmate alleged that exposure to environmental tobacco smoke was causing nausea, wheezing, shortness of breath, and dizziness); Martin v. Arpaio, 2006 U.S. Dist. LEXIS 83330, at *10 (D. Ariz. Nov. 14, 2006) (holding that an inmate's allegation of cramping, diarrhea, and vomiting appeared to be de minimis); Hutchinson v. Civitella, 2003 U.S. Dist. LEXIS 15417, at *14-16 (S.D. N.Y. Sept. 4, 2003) (holding that none of the inmate's individual ailments were sufficiently serious for purposes of the Eighth Amendment where the inmate alleged that he was suffering from chest pain, nausea, the "inability to 'keep food down'"; rapid weight loss; and dizziness). Although Webb also alleges that he has lost ten pounds in recent months, Mill acknowledges that his weight loss has resulted from his decision to refrain from eating certain foods altogether.

Additionally, the court concludes that Webb has failed to allege facts sufficient to establish that the defendants "actually [knew] of and disregard[ed] an objectively serious condition, medical need, or risk of harm." De'lonta v. Angelone, 330 F.3d at 634. Webb acknowledges that prison employees repeatedly advised him to request a new tray when he complained of finding worms in his oatmeal. Webb also acknowledges that the prison stopped serving oatmeal for an entire month,

in response to his complaints.

## Conclusion

For the reasons stated, the court concludes that Webb has failed to state a claim upon which relief may be granted. Thus, the court will dismiss his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This ___20th___ day of December, 2006.

_____
United States District Judge